**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

05  1 0 4 5 2 REK

New Mag

CHURCH BROTHERS, LLC, a California
Limited Liability Company,

                Plaintiff,

    v.

THE ALPHAS COMPANY, INC., a
corporation; THE ALPHAS COMPANY
OF NEW YORK, INC, a corporation;
JOHN (YANNI) S. ALPHAS, an
individual; PETER S. ALPHAS, an
individual,

                Defendants

CASE NO.

```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____2/10/05_____
```

**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL**
**COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**

Plaintiff, CHURCH BROTHERS, LLC, ("Plaintiff" or "CB") complains and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2.    Plaintiff CB is now and at all times material herein was a limited liability company organized and doing business under the laws of the State of California, with its principal place of business in the City of Salinas, State of California.

3.    Plaintiff is informed, believes and thereon alleges that Defendant THE ALPHAS COMPANY, INC., ("TAC") is and during all times mentioned herein was a corporation having a principal place of business 51-52 & 87-88 New England Produce Center, Chelsea, MA.

4.    Plaintiff is informed, believes and thereon alleges that Defendant THE ALPHAS COMPANY OF NEW YORK, INC., ("TACNY") is and during all times mentioned herein was a corporation having a principal place of business 223 to 225, Row B, Hunts Point Terminal Market, Bronx, New York, 10474.

5.    Plaintiff is informed, believes and thereon alleges that Defendant JOHN (YANNI) S. ALPHAS ("JSA") is an individual who is and during times relevant herein was an officer, director and/or shareholder of both TAC and TACNY, and who maintains a principal place of business within the jurisdictional boundaries of this court.

6.    Plaintiff is informed, believes and thereon alleges that Defendant PETER S. ALPHAS ("PSA") is an individual who is and during times relevant herein was an officer, director and/or shareholder of both TAC and TACNY, and who maintains a principal place of business within the jurisdictional boundaries of this court.

7.    JSA and PSA are collectively referred to herein as "The Individual Defendants."

8.    Plaintiff is informed, believes and thereon alleges that The Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during all times relevant herein were responsible for the daily management and control of Defendants TAC and TACNY, and who are and during relevant times herein were statutory trustees under PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

## (Breach of Contract Against TAC)

9.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 8 inclusive, of this Complaint as though fully set forth herein.

10.    At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license numbers 20000068 and 20011143.

11.    Between on or about November 3, 2004 and December 18, 2004, in a series of transactions, CB sold and shipped perishable agricultural commodities to Defendants TAC and TACNY, at said Defendants' request, for which said Defendants agreed to pay CB in amounts at least as great as the sum of $76,150.20, consisting of at least $67,161.90 owed by TAC and $8,988.30 owed by TACNY. All produce sold under these

sales agreements was shipped from Plaintiff in Salinas, California to Defendants in Massachusetts and New York.

12.    Plaintiff is informed and believes and thereon alleges there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants TAC and TACNY, such that any individuality and separateness between said Defendants have ceased, and said Defendants are alter-egos one of the other in that, among other things:

A.    JSA and PSA are both the only listed principals for both TAC and TACNY on their respective PACA licenses;

B.    JSA is the Chairman of the Board of TACNY and President of TAC;

C.    JSA and PSA are the only officers and directors listed for both TAC and TACNY;

D.    TAC has commingled funds with funds of TACNY;

E.    Defendants JSA and PSA control the day-to-day operation of both TAC and TACNY.

13.    Adherence to the fiction of the separate existence of the defendant corporations as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice in that among other things, Defendants, by their actions and statements have admitted that TAC and TACNY have insufficient funds to pay the undisputed debts due to Plaintiff.

14.    At or about the date of each transaction described above, CB forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendant TAC and TACNY for Defendants' purchase of the commodities.

15.    Plaintiff has repeatedly demanded that Defendant TAC and TACNY pay the amounts due and owing under the invoices, totaling the combined amount of $76,150.20, however, said Defendant has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by said Defendants and no part of those sums due and owing has been paid.

16.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

17.    As a direct and proximate result of the failure of Defendant TAC and TACNY to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the combined amount of at least $76,150.20.

## III.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

18.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17, inclusive of this Complaint as though fully set forth herein.

19.    Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

20.    The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

21.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

22.    Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the total amount of at least $76,150.20 sold to Defendants, all of which remains past due and unpaid.

23.    Plaintiff is informed and believes for the reasons alleged herein, above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7,

U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

24.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to its own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

25.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the loss of at least $76,150.20, consisting of at least $67,161.90 owed by TAC and $8,988.30 owed by TACNY, plus recoverable attorney's fees and finance charges in amounts to be determined, all of which qualifies for protection under the PACA trust.

**IV.**

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account**

**And Pay Promptly Against All Defendants)**

26.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this complaint as though fully set forth herein.

27.    Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

28.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the combined loss of at least $76,150.20 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

## (For Injunctive Relief and/or Temporary Restraining Order Against All Defendants)

29.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30.    Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

31.    On numerous occasions, Plaintiff has demanded via written notice and telephone calls that Defendants pay the balances due to Plaintiff in the amounts alleged herein but Defendants has failed and refused and continue to fail and refuse to do so.

32.    Defendants have failed to pay their undisputed PACA trust debt to Plaintiff which is the subject of this complaint.  Plaintiff is informed, believes and thereon alleges that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained by this court from doing so.

33.    Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties as described above, said Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this

complaint.

34.     Plaintiff is informed, believes and thereon alleges that said Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

35.     If such diversion and dissipation of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff's ability to pay some of its own creditors from whom the produce shipped to Defendants was purchased may be jeopardized.  Moreover, Plaintiff and other creditors of Plaintiff's, *a substantial number of which* are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*], will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

36.     Therefore, Plaintiff requests that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust.  In the alternative, Plaintiff requests that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiff's Application for Injunctive Relief.

37.     Plaintiff is informed, believes and thereon alleges that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are

due and owing to Plaintiff. Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit of Plaintiff.

## VI.

## FIFTH CAUSE OF ACTION

## (For Unjust Enrichment Against All Defendants)

38.    Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth herein.

39.    Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the combined amount of at least $76,150.20.

40.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff.

41.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiff as assignee of Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the combined amount of at least $76,150.20.

## VII.

## SIXTH CAUSE OF ACTION

## (For Declaratory Relief Against All Defendants)

42.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41, inclusive, of this Complaint as though fully set forth herein.

43.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

44.    Plaintiff seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary.  Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

45.    Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1.    For damages in the combined amount of $76,150.20 as against Defendants, and each of them, jointly and severally;

2.    For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $76,150.20;

2.    For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1.    For damages in the combined amount of $76,150.20;

2.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $76,150.20;

3.    For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff; and,

4.    For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

## (For Injunctive Relief; Temporary Restraining Order)

1.    For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2.    For interest and/or finance charges on said sums at the highest rate allowed by law from the date on which each obligation became due;

3.    For costs of suit incurred and attorney's fees as deemed reasonable by this Court;

5.    For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

## (For Unjust Enrichment)

1.    For damages in the combined amount of $76,150.20;

2.    For interest and/or finance charges thereon at the highest legal rate from the date each obligation became due and payable to Plaintiff;

3.    For attorney's fees and costs of suit incurred; and,

4.    For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendant possibly subject to the Defendants' liens or claims, if any are established;

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sums of at least $76,150.20;

*Continued on next page*

3.    For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

4.    For attorneys' fees and costs of suit incurred; and,

5.    For such other and further relief as this Court deems proper.


Respectfully Submitted,

CHURCH BROTHERS, LLC
By its attorneys,


By:    _____
VALERIE CARTER, ESQ.
Carter and Doyle, LLP
BBO No. 545412
530 Atlantic Avenue, Third Floor
Russia Wharf West
Boston, MA  02210
Tel: (617) 348-0525
Fax: (617) 348-0989
E-Mail: vcarter@carterdoyle.com

AND


_____
R. Jason Read
Bart M. Botta
Rynn & Janowsky, LLP
4100 Newport Place Dr., Suite 700
Newport Beach, CA   92660
Tel: 949-752-2911
Fax: 949-752-0953
Email: jason@rjlaw.com
Email: bart@rjlaw.com

DATED: March 10, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) CHURCH BROTHERS LLC

    THE ALPHAS COMPANY, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    (II.)  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121
                                                                              for patent, trademark, or copyright cases

    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?     YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC 2403)     YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?     YES ☐  NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?     YES ☐  NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).     YES ☐  NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?
   (SEE LOCAL RULE 40.1(D)).     YES ☐  NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?     YES ☐  NO ☒
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Suffolk

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION;  YES ☐ NO ☐        OR WESTERN SECTION;  YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Valerie S. Carter, Esq.
ADDRESS Carter & Doyle LLP, 530 Atlantic Avenue, Boston, MA
TELEPHONE NO. 617-348-0525

(Categform.rev - 3/97)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** CHURCH BROTHERS, LLC, a California Limited Liability Company,

**DEFENDANTS** THE ALPHAS COMPANY, INC., a corporation; THE ALPHAS COMPANY OF NEW YORK, INC., a corporation; JOHN (YANNI) S. ALPHAS, an individual; PETER S. ALPHAS, an individual; PETER S. ALPHAS, an individual;

**(b)** County of Residence of First Listed Plaintiff ___Monterey___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Suffolk___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Valerie Carter, Esq., Carter & Doyle, LLP, 530 Atlantic Avenue, Third Floor, Russia Wharf West, Boston, MA  02210    Tel: (617) 348-0525

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☒ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. Sec. 499e, et seq.

Brief description of cause:
Violations Of The Perishable Agricultural Commodities Act ("PACA"); Breach of Contract, etc.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  3/10/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____