# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CHURCH BROTHERS, LLC, a California
Limited Liability Company,

     Plaintiff,

  v.

THE ALPHAS COMPANY, INC., a
corporation; THE ALPHAS COMPANY
OF NEW YORK, INC, a corporation;
JOHN (YANNI) S. ALPHAS, an
individual; PETER S. ALPHAS, an
individual,

     Defendants

CASE NO.

**05   10452   REK**

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, FOR PRELIMINARY INJUNCTION IN <u>SUPPORT THEREOF</u>

*Continued on next page*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT................................................................ 1

II.    ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST HAVE BEEN SATISFIED IN THE CASE AT BAR ................................. 3

    A.    The PACA Amendment Establishes A Trust For The Benefit Of The PACA Beneficiaries................................................... 3

    B.    There Is No Tracing Requirement For The PACA Trust .................. 4

    C.    Defendants are "Dealers" As Defined by the Perishable Agricultural Commodities Act............................................................ 7

    D.    The Produce Sold By Plaintiff Moved In And/Or In Contemplation of Interstate or Foreign Commerce ............................ 8

    E.    Plaintiff Perfected Its Right To PACA Trust Benefits By Issuing Invoices Contain All Language Necessary to Preserve Plaintiff' PACA Trust Rights in Compliance with 7 U.S.C. §499e(c)(4) ......................................................................... 9

    F.    Defendants Failed to Establish A PACA Trust for the Protection of PACA Beneficiaries..................................................... 10

    G.    All Of The Threshold Prerequisites To The PACA Beneficiary's Right To Recovery Under The PACA Amendment Have Been Established................................................. 11

III.    THE TRUST CLAIM OF THE PACA BENEFICIARY IS SUPERIOR TO AND TAKES PRIORITY OVER ALL OTHER SECURED OR UNSECURED CLAIMS AGAINST DEFENDANTS............................... 12

IV.    PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT THE ISSUANCE OF INJUNCTIVE RELIEF BY THIS COURT ..................... 14

V.    NO BOND SHOULD BE REQUIRED TO GRANT PRELIMINARY RELIEF........................................................................ 19

VI.    THE PACA TRUST BENEFICIARY IS ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS EXPENDED TO RECOVER AMOUNTS DUE AS WELL AS PREJUDGMENT AND

POSTJUDGMENT INTEREST PURSUANT TO THE PROVISIONS
OF THE PACA TRUST................................................................................ 20

VII.   CONCLUSION ........................................................................................ 21

**************

### Cases                                                                    _Page_

California ex rel. Van De Camp v. Tahoe Regional
Planning Agency,766 F.2d 1319, 1324-25
        as amended, 755 F.2d 998 (9th Cir. 1985).................................... 19

Continental Fruit Co. v. Gatziolis & Co.,
        774 F.Supp. 453 (N.D. Ill. 1991) ................................................ 15

Continental Sales Co. v. Billings,
        No. 4-93-2763 (S.D. Tex. Mar. 6, 1996). .................................... 20

C.H. Robinson Company v. Alanco Corp.,
        239 F.3d 483 (2nd Cir. 2001)........................................................ 13

DeBruyn Produce, Co. v. Olympic Produce Co.,
        734 F.Supp. 483, 485-86 (N.D.Ga. 1989)................................... 15

Dollar-Rent-a-Car of Washington v. Travelers Indemnity,
        774 F.2d 1371, 1374 (9th Cir. 1985).......................................... 14

Fillipo v. S. Bonaccurso & Sons, Inc.,
        466 F.Supp. 1008, 1016 (E.D. Pa 1978) ..................................... 11

Finest Fruits, Inc. v. Edward Boker, Inc.,
        86 Civ. 3903 (S.D.N.Y. 1986) .................................................... 20

First State Bank v. Gotham Provision Co.,
        (In re Gotham Provision Co.)
        699 F.2d 1000, 1010 (5th Cir. 1982)............................................ 5

Frio Ice, S.A. v. Sunfruit, Inc.,
        918 F.2d 154 (11th Cir. 1990)...................................................... 3

Gullo Produce Company, Inc., et al. v. A.C. Jordan Produce Co., Inc.,
        751 F.Supp. 64, 67 (W.D. Pa. 1990)....................................... 3,15

Hendrick v. S. Bonaccurso & Sons, Inc.,
466 F.Supp. 1025 (E.D. Pa 1978) ................................................................. 11

In re Annde Foods, Inc.,
110 B.R. 346 (Bankr. N.D. Ill., 1989)......................................................... 17

In re Atlantic Tropical Market Corporation,
118 B.R. 139 (Bankr. S.D. Fla. 1990)........................................................... 6

In re Fresh Approach,[Fresh Approach II]
51 B.R. 412, 420-422, 424-428
(Bankr. N.D. Texas 1985)................................................................... *passim*

In re Hancock-Nelson Mercantile, Inc.,
95 B.R. 982 (Bankr. N.D. Minn. 1989) ........................................................ 5

In re Harper,
150 Bankr. Rptr. 416 (E.D. Tenn. 1993)...................................................... 11

In re Kornblum & Co., Inc.,
81 F.3d 280 (2nd Cir. N.Y. 1996).................................................................. 6

In re Milton Poulos, Inc.,
947 F.2d 1351 (9th Cir. 1991)............................................................... 13, 20

In re Monterey House, Inc.,
71 B.R. 244, 247, 249
(Bankr. S.D. Texas 1986)................................................................. 5, 13, 20

In re Nagelberg & Co., Inc.,
84 B.R. 19 (Bankr. S.D. NY 1988) ............................................................. 11

In re Prange Foods Corp.,
63 B.R. 211 (Bankr. W.D. Mich. 1986)...................................................... 13

In re W.L. Bradley Company, Inc.,
75 B.R. 505 (E.D. Pa. 1987) ........................................................................ 5

J.R. Brooks & Son, Inc. v. Norman's Country
Market, Inc., 98 B.R. 47, 49-51
Bankr. N.D. Fla. 1989).................................................................................. 9

Mid-Valley Produce Corp. v. 4-XXX Produce Corp.,
      819 F. Supp. 209 (E.D.N.Y. 1993)............... ................................. 11

Morris Okun, Inc. v. Harry Zimmerman, Inc.,
      814 F. Supp. 346 (S.D.N.Y. 1993)............................................. 11

Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.,
      986 F.2d 1010 (6th Cir. 1993)........................................................ 7

Sundor Brands, Inc. v. Borden, Inc.,
      653 F.Supp. 86, 93 (M.D. Fla. 1986)......................................... 19

Sunkist Growers, Inc. v. Fisher,
      104 F.3d 280 (9th Cir. 1997).................................................... 11

Tanimura And Antle, Inc. v. Packed Fresh, Inc.
      222 F.3d 132, 140-141 (3d Cir. 2000) ................................... .2, 14

Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.,
      567 F.2d 692, 701 (7th Cir. 1977)............................................ 19

Statutes

Packers and Stockyards Act, 1921
      7 U.S.C. §181 et seq.................................................................. 5

Perishable Agricultural Commodities Act of 1930,
as Amended in 1984
      7 U.S.C. §499a ........................................................................ 1

Perishable Agricultural Commodities Act
      7 U.S.C. §499a(6) .................................................................... 8

Perishable Agricultural Commodities Act
      7 U.S.C. §499e ..................................................................... 1,11

Perishable Agricultural Commodities Act
      7 U.S.C. §499e(a)...................................................................... 7

Perishable Agricultural Commodities Act
      7 U.S.C. §499e(c)..................................................................... 10

Perishable Agricultural Commodities Act

7 U.S.C. §499e(c)(1) (Supp. 1986) ........................................................ 4, 13

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(2) (Supp. 1986) ............................................... 4, 5, 7, 10

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(4) ........................................................................ 1, 9, 10

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(5) ..................................................................................... 3

Perishable Agricultural Commodities Act of 1930,
    Amendments H.R. No. 98-543 (1984) ....................................................... 17

## *Regulations*

7 C.F.R. §46.46 (b)(2) ............................................................................ 10

## *Rules*

Federal Rule of Civil Procedure 65(b) .................................................... 14

Federal Rule of Civil Procedure 65(c) .................................................... 19

## *Articles*

Rynn, Injunctive Relief Under the 1984 Trust Amendment
to the Perishable Agricultural Commodities Act:
A Necessary Means of Trust Enforcement
    23 U.C. Davis L.Rev. 3 (Spring 1990) ...................................................... 3

Botta, Personal Liability for Corporate Debts:  The
Reach of the Perishable Agricultural Commodities
Continues to Expand
    2 Drake J.AG.Law 339 (Winter 1997) ..................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

This case arises out of the Perishable Agricultural Commodities Act of 1930, as amended in 1984, 7 U.S.C. §499a, et seq. ("PACA" or "Act"), and the PACA Trust provisions set forth at 7 U.S.C. §499e, et seq.

Plaintiff CHURCH BROTHERS, LLC ("CB" or "Plaintiff"), operate as sellers of perishable agricultural commodities and are the beneficiaries of a statutory trust provided for by the PACA.

Under the terms of the statutory trust, Defendants THE ALPHAS COMPANY, INC., a corporation; THE ALPHAS COMPANY OF NEW YORK, INC., a corporation; JOHN (YANNI) S. ALPHAS, an individual; PETER S. ALPHAS, an individual, (hereinafter referred to as "Defendants"), are statutory trustees who must hold in trust for Plaintiff all inventories of food or other products derived from perishable produce, including any receivables or proceeds from the sale thereof, until Plaintiff's PACA trust claims are fully paid.

Plaintiff's PACA trust claims have priority over all other secured and unsecured claims against Defendants. By virtue of 7 U.S.C. §499e(c)(4), U.S. District Courts are vested with original jurisdiction to hear actions brought by PACA trust beneficiaries to enforce payment from the trust.

In a series of transactions, occurring at the dates and in the amounts alleged in the First Cause of Action of Plaintiff's complaint, Plaintiff sold and shipped perishable agricultural commodities to Defendants in accordance with Defendants' instructions and at agreed-upon selling prices.

All commodities sold as described above were shipped in or in contemplation of, interstate and foreign commerce and were accepted by Defendants. Despite accepting all the commodities and despite reselling those commodities to their own customers, Defendants failed to pay for the commodities. Not only did Defendants admit that the sums due as alleged herein remain payable to Plaintiff, but Defendants have failed and refused to fully and timely pay for the commodities despite repeated promises to make such payments and have dissipated the PACA trust assets rightfully belonging to Plaintiff.

Therefore, Plaintiff now seeks a Temporary Restraining Order or, alternatively, a Preliminary Injunction which would, in relevant part, (a) prevent Defendants from further dissipating the trust assets, and (b) require Defendants to release or otherwise set aside the amounts owed to Plaintiff pending final adjudication of the complaint on file herein.

The issues to be decided by this Court upon Plaintiff's application are as follows:

1.    Whether Plaintiff qualifies as PACA trust beneficiaries;

2.    Whether Defendants dissipated or are dissipating PACA trust assets including, but not limited to, inventory of perishable agricultural commodities, proceeds from the sale of such commodities and Defendants' accounts receivable; and,

3.    Whether Defendants must immediately set aside and turn over to Plaintiff, PACA trust assets in amounts sufficient to satisfy Plaintiff's PACA trust claims as alleged herein.

A Temporary Restraining Order is an appropriate vehicle for protecting a PACA trust beneficiary's rights. *Tanimura and Antle, Inc., et al. v. Packed Fresh, Inc., et. al.,*

222 F.3d 132, 140-141 (3d Cir. 2000); *Gullo Produce Company, Inc., et al. v. A.C. Jordan Produce Co., Inc.*, 751 F.Supp. 64 (W.D. Pa. 1990); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); Patricia J. Rynn, *Injunctive Relief Under The 1984 Trust Amendments to The Perishable Agricultural Commodities Act: A Necessary Means of Trust Enforcement*, 23 U.C. Davis L.Rev. 3 (Spring 1990).

The district courts of the United States are vested with jurisdiction specifically to entertain actions by PACA trust beneficiaries to enforce payment from the trust.  7 U.S.C. §499e(c)(5).  Accordingly, it is properly within this Court's discretion to grant Plaintiff's requested injunctive relief.  By way of example, the attached injunction orders obtained from various U.S. District Courts are substantially identical to the requested order herein and are based upon produce creditors seeking enforcement of their PACA trust rights. *See*, Orders to Show Cause, true and correct copies of which are attached hereto and incorporated herein by reference as **Group Exhibit 1.**

## II.  ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST HAVE BEEN SATISFIED IN THE CASE AT BAR

### A.    The PACA Amendment Establishes A Trust For The Benefit Of The PACA Beneficiaries

The PACA Amendment provides that the PACA Trust is created by operation of law upon the delivery of perishable agricultural commodities.  In enacting the PACA Amendment, Congress recognized the importance of protecting the seller's perishable agricultural commodities.  In particular, the PACA Amendment states, as follows:

> It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which...dealers...who have not made payment for perishable

> agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest. 7 U.S.C. §499e(c)(1) (Supp. 1986). (Emphasis added).

Therefore, upon the buyer's receipt of the produce, the PACA Amendment creates a PACA Trust in favor of the unpaid seller on all perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities as well as any receivables or proceeds from the sale of such commodities or products. 7 U.S.C. §499e(c)(2) (Supp. 1986). Specifically, the PACA Amendment provides, as follows:

> Perishable agricultural commodities received by a...dealer...in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such...dealer...in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. 7 U.S.C. §499e(c)(2) (Supp. 1986).

Accordingly, as soon as Defendants herein received the produce sold by Plaintiff, the PACA Trust was created by operation of law.

## B.    There Is No Tracing Requirement For The PACA Trust

The PACA Amendment does not require tracing and therefore trust assets are to be preserved as a non-segregated "floating trust." In addition, the amendment acknowledges that commingling is contemplated. If a dispute arises regarding the

identification of the trust assets, the debtor has the burden to establish what, if any, assets are not subject to the PACA Trust. *See, In re Fresh Approach*, 51 B.R. 412, 422 (Bankr. N.D. Texas 1985) ["*Fresh Approach II*"], a seminal judicial decision analyzing the impact of the statutory trust provisions.

In accordance with legislative directives, the court in *Fresh Approach II* based its decision upon the Packers and Stockyards Act, 1921 [7 U.S.C. §181, et seq.] (hereinafter "PSA"), and its subsequent line of cases, concluding that the trust created by the PACA was intended to be a "floating non-segregated statutory trust," to which claimants need not trace funds. *See, In re Monterey House*, 71 B.R. 244, 247 (Bankr. S.D. Texas 1986). Furthermore, the court in *First State Bank v. Gotham Provision Co. (In re Gotham Provision Co.)*, 699 F.2d 1000, 1011 (5th Cir. 1982) (hereinafter "*Gotham*"), in holding that the PSA established a floating trust, stated:

> [W]here trust funds are commingled with funds not subject to the trust, a lien on the entire commingled fund exists for the benefit of the beneficiaries of the trust.

The *Gotham* court further held that when commingling occurs, the only burden on the unpaid cash sellers is to prove the balance due to them and the existence of a floating pool of commingled inventories of livestock products, accounts receivable and proceeds derived from cash and credit sales. Id. The court in *Gotham*, however, clearly placed the burden on the bankruptcy trustee (and the lending institution) to show that the receivables were not subject to the PACA trust. Id. at 1012. *In re Hancock-Nelson Mercantile, Inc.*, 95 B.R. 982 (Bankr. N.D. Minn. 1989); *In re W.L. Bradley Company, Inc.*, 75 B.R. 505 (E.D. Pa. 1987).

*In re Kornblum & Co., Inc.*, 81 F.3d 280 (2nd Cir.N.Y. 1996) is particularly instructive because of its analysis of the issue of what property makes up the corpus of the PACA Trust. The *Kornblum* court rejected the debtor's contention that the only assets that are held in trust for a particular PACA beneficiary are the specific produce or proceeds supplied by that beneficiary. The court accepted the beneficiaries' argument that the res of the PACA Trust is not so limited and that "a single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full."

The *Kornblum* court set forth a three-prong test for analyzing whether specific property is part of the PACA Trust. In order to prove that the property is not part of the PACA Trust, the debtor has the burden to establish either that (1) no PACA trust existed when the specific property was purchased; (2) even though a PACA Trust existed at that time, the property was not purchased with trust assets; or (3) although a PACA Trust existed when the property was purchased and the property was purchased with trust assets, the debtor thereafter paid all unpaid sellers in full prior to the transactions involving the creditors, thereby terminating the trust.

Moreover, in *In re Atlantic Tropical Market Corporation*, 118 B.R. 139 (Bankr. S.D. Fla. 1990), the court held that the PACA trust fund is established upon the commencement of the purchaser's produce related business. The court held that any business assets purchased by one who is in the business of buying and selling produce will be presumed to have been purchased with PACA trust assets, and any such assets may thus be viewed as collateral until the PACA trust claim has been paid in full. *See*

*also, Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993).

Accordingly, the PACA beneficiary is not required to trace trust funds. To the extent any dispute arises regarding the trust assets, it is the Debtor who must prove which assets, if any, are not subject to the trust. *In re Fresh Approach, supra.*

Defendants are required by federal statute to hold all perishable agricultural commodities, the inventories of food or other products derived from the perishable agricultural commodities and the receivables and proceeds from the sale of the perishable agricultural commodities in trust for the PACA beneficiaries. In the event these liquid and intangible assets are insufficient to fully satisfy Plaintiff's trust claims, Plaintiff may look to other assets of Defendants for security of its trust claims. Defendants herein have failed or otherwise refused to perform their statutory duties and Plaintiff is therefore entitled to injunctive relief, which will require Defendants to set aside sufficient assets to fully satisfy their statutory trust obligations and which will restrain Defendants from any dissipation of the assets required to be held in trust.

C.    **Defendants are "Dealers" As Defined by the Perishable Agricultural Commodities Act.**

Defendants are "dealers" under the PACA and are, therefore, subject to the PACA Trust Amendment. 7 U.S.C. §499e(a) and (c)(2). Specifically, the PACA Amendment and its regulations defines "dealer" as follows:

> "Dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities in commerce . . . : 7 U.S.C. §499a(6)

Further, an entity may subject itself to PACA rules and regulations as a "dealer" by obtaining or being subject to license by the U.S. Department of Agriculture. Specifically during all times herein, Defendants have maintained PACA License numbers 20000068 and 20011143. *See*, Declaration of R. Jason Read, filed herewith, and exhibits appended thereto.

Defendants are therefore unquestionably subject to PACA and are therefore subject to <u>all</u> PACA rules and regulations.

### D.    <u>The Produce Sold By Plaintiff Moved In And/Or In Contemplation Of Interstate Or Foreign Commerce</u>

To qualify for protection under the PACA, the perishable agricultural commodities must have been bought or sold in the course of or in contemplation of foreign interstate commerce. 7 U.S.C. §499a(6). The produce that was sold to Defendants clearly moved in the stream of "interstate commerce" as that term has been defined by the case law.

For example, *Fresh Approach II* discussed "interstate commerce" and held that interstate commerce is established where the debtor purchases produce from both out-of-state vendors and in-state vendors who acquired produce from out-of-state sources. *See Fresh Approach II*, 51 B.R. at 424-28. Id. at 425. Specifically, the court stated:

> In the case at bar, Debtor was one of the intermediaries in the stream of commerce flowing from the producers in various states to the consumers in Dallas, Texas. While it is true that a segment of that stream was wholly within the state of Texas, i.e., from [the PACA beneficiary] to Debtor, it cannot reasonably be denied that all parties contemplated a transaction having the practical effect of providing access for Texas consumers to produce grown in other states. Id. at 426.

Further, one court specifically held that PACA trust protection also extends to intrastate transactions by any "commissioned merchants, dealer, or broker" as defined

under the PACA. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 49-50 (Bankr. N.D. Fla. 1989).

The declarations of Plaintiff's representative filed in support hereof verify that the produce sold in the subject transactions were sold in, and in contemplation of, interstate commerce, specifically between California, Massachussetts, and New York.

Accordingly, the transactions at issue are within the scope of PACA and its statutory trust provisions.

E.    **Plaintiff Perfected Its Right To PACA Trust Benefits By Issuing Invoices That Contain All Language Necessary To Preserve Plaintiff's PACA Trust Rights in Compliance with 7 U.S.C. §499e(c)(4)**

Plaintiff is and during all times herein was a PACA licensee. *See* Declarations of Plaintiff's representative filed simultaneously herewith.    Pursuant to the 1995 Amendments to the Act, PACA licensees, such as Plaintiff herein, may preserve PACA trust rights by using ordinary and usual invoice statements to provide notice of the licensee's intent to preserve its trust benefits.  7 U.S.C. §499e(c)(4).  Thus, under the terms of the 1995 PACA Amendments, a licensee who includes the following statement on the face of its invoices will have perfected its PACA trust rights:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. §499e(c)(4).

As is self-evident from the copies of Plaintiff invoices for the subject transactions (attached as  Exhibits to the Plaintiff's Declaration) all of the unpaid

invoices included the above-quoted language, verbatim, on their face. Consequently, Plaintiff qualifies as trust beneficiaries under the PACA for all transactions which are the subject of those invoices. Therefore, this threshold requirement of the PACA Amendment has been satisfied.

**F.    Defendants Failed To Establish A PACA Trust For The Protection of the PACA Beneficiaries**

Defendants were required by the PACA Amendment to hold:

> [A]ll inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products...in trust for the benefit of...[the PACA Beneficiary] until *full payment* of the sums owing in connection with such transactions has been received by...[the PACA Beneficiary]. [7 U.S.C. §499e(c)(2).] (Emphasis added).

Defendants failed and refused, and continue to fail and refuse, to preserve the PACA assets as required by the Act and by Defendants' actions and admissions, have insufficient trust assets to pay the amounts protected under the trust. *See* Declaration of Plaintiff's representative filed simultaneously herewith. As such, Defendants are in violation of 7 U.S.C. §499e et seq. *See, In re Nagelberg & Co., Inc.*, 84 B.R. 19 (Bankr. S.D.N.Y. 1988), which confirms that dissipation of PACA trust assets results from any act which could result in the diversion of such assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions. See also, 7 C.F.R. §46.46 (b)(2).

Moreover, during all times herein, Defendants JOHN (YANNI) ALPHAS and PETER S. ALPHAS (collectively, "The Individual Defendants") were the sole officers, directors and shareholders of both THE ALPHAS COMPANY, INC. ("TAC") and THE ALPHAS COMPANY OF NEW YORK, INC. ("TACNY") and held positions from

which they could exercise control over the PACA trust assets which are the subject of this action. As such, The Individual Defendants are personally liable for Defendants failure to preserve the statutory trust assets. *See Fillipo v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1008, 1016 (E.D. Pa 1978); *Hendrick v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1025 (E.D. Pa 1978); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y. 1993); *In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F.Supp. 209 (E.D.N.Y. 1993). *See also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997), which held that those in positions to control assets of the PACA trust, and who have breached their fiduciary duty to preserve those assets, may be held personally liable under the PACA. *See also, In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); and Bartholomew M. Botta, *Personal Liability for Corporate Debts: The Reach of the Perishable Agricultural Commodities Continues to Expand*, 2 DRAKE J.AG.LAW 339 (Winter 1997).

### G.    All Of The Threshold Prerequisites To The PACA Beneficiary's Right To Recovery Under The PACA Amendment Have Been Established

Plaintiff has established that they are entitled to enforce their trust claims against Defendants for the perishable agricultural commodities sold to Defendants. Specifically, the evidence shows that Plaintiff established:

1.    The PACA Amendment creates a trust for the benefit of the PACA Beneficiaries;

2.    There is no tracing requirement for the PACA Trust;

3.    Defendants are dealers and statutory trustees under the PACA;

4.    The perishable agricultural commodities sold by the Plaintiff moved in the course of or in contemplation of foreign and interstate commerce;

5.    Plaintiff perfected its rights to the trust assets by including the statutory trust language on its invoices and thus have valid PACA trust claims against Defendants in the combined amount of at least $76,150.20, consisting of $67,161.90 owed by TAC and $8,988.30 owed by TACNY.

6.    Defendants failed to maintain the PACA trust assets sufficient to protect Plaintiff, and dissipated and will be dissipating trust assets absent injunctive relief; and,

7.    The Individual Defendants were in positions to control the PACA trust assets that are the subject of this action, and by breaching their fiduciary duties to the PACA beneficiary, are personally liable for the unpaid PACA trust claim.

Accordingly, this Court should find that Defendants were and are obligated to promptly pay Plaintiff the combined principal amount of at least $76,150.20, plus recoverable attorney's fees and finance charges, all of which is protected under the provision of the PACA trust, as detailed in the Ex Parte Application.

## III. THE TRUST CLAIM OF THE PACA BENEFICIARY IS SUPERIOR TO AND TAKES PRIORITY OVER ALL OTHER SECURED OR UNSECURED CLAIMS AGAINST DEFENDANTS

The unambiguous wording of the PACA Amendment compels this Court to give Plaintiff's trust claims priority over all other secured or unsecured claims against

Defendants. Legislative history concerning the PACA amendment makes it clear that it is intended to protect sellers of perishable agricultural commodities. The agriculture industry is unique because of the short life span of agriculture products. Thus, Congress recognized that the industry itself must be protected and therefore, through PACA, granted priority status to sellers of produce over other lenders who take liens on accounts, inventory and the proceeds thereof. [7 U.S.C. §499e(c)(1)] (Supp. 1986).

In addition to the amendment itself, judicial decisions consistently affirm that a PACA Trust Beneficiary's trust claim has priority over other secured and unsecured claims. *See, In re Monterey House, Inc., supra,* at 249; *accord, In re Milton Poulos, Inc.,* 947 F.2d 1351 (9th Cir. 1991); *See also, In re Prange Foods Corp.,* 63 B.R. 211 (Bankr. W.D. Mich. 1986). For example, *In Fresh Approach II, supra,* at p. 420-422, the court describes the priority of the PACA claimant's interest by holding:

> It is clear from the terms of the PACA Amendments and the supporting legislative history that Congress intended to create a priority status for unpaid claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution. To approve a plan which grants anything but such a priority would be in direct contravention of the purpose and intent of the PACA amendments. (Emphasis in original). 51 B.R. at 420.

*See also, C.H. Robinson Company v. Alanco Corp.,* 239 F.3d 483 (2nd Cir. 2001) which held:

> Allowing a ... PACA trustee to pay any other creditors with PACA funds before the Seller is paid in full would frustrate [PACA's] purpose, and would be contrary to the language of PACA and its accompanying regulations. **PACA trust beneficiaries are entitled to full payment <u>before</u> trustees may lawfully use trust funds to pay any other creditors."** Id. at 488 (Emphasis added.)

Based upon the foregoing authorities, the PACA trust beneficiary unquestionably enjoy a priority status over all other creditors of Defendants, including secured creditors.

## IV. PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT THE ISSUANCE OF INJUNCTIVE RELIEF BY THIS COURT

The traditional elements for injunctive relief are: (a) irreparable harm; (b) probable success on the merits; (c) harm to the Plaintiff which outweighs the harm to the opposing party; and, (d) whether the public interest will be served by granting the proposed relief. *Dollar-Rent-a-Car of Washington v. Travelers Indemnity*, 774 F.2d 1371, 1374 (9th Cir. 1985). See also Federal Rules of Civil Procedure Rule 65(b).

These elements are satisfied where sellers of perishable agricultural produce are not paid by the buyer for such produce and the seller demonstrates: (1) dissipation of the PACA trust assets; and (2) the buyer's general financial instability. *Tanimura and Antle, Inc., et al. v. Packed Fresh, Inc.*, et. al., 222 F.3d 132, 140-141 (3d Cir. 2000).

Because PACA is remedial legislation, it must be construed broadly to effectuate its purpose of ensuring payment to unpaid produce sellers who qualify as PACA trust beneficiaries. Therefore, PACA trust dissipation constitutes irreparable harm and will satisfy the irreparable harm requirement for preliminary injunctive relief, especially where Plaintiff submits evidence that the trust is being depleted and payment is not readily forthcoming or available. *Tanimura and Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, et al., 222 F.3d at 140-141.

In the *Tanimura and Antle, Inc., et al v. Packed Fresh Produce, et al.* case, Plaintiff sought a Temporary Restraining Order to, among other things, prevent further dissipation of the PACA trust assets. After hearing, the District Court denied injunctive relief because (1) it believed the Plaintiff had an adequate remedy at law; and (2) it

believed injunctive relief to be futile when the PACA trust assets were already depleted. *Id*. at 134.

On appeal, the District Court's denial of injunctive relief was <u>reversed</u>. In concluding that injunctive relief should have been granted, the Court of Appeal explained:

> [W]e conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer. *Id*. at 139.

With specific reference to the irreparable harm requirement, the Court noted that Plaintiff in the *Packed Fresh Produce* case suffered irreparable injury as soon as the trust was depleted and payment was not readily forthcoming or available. *Id*. at 140-141.

Numerous federal courts across the country have held that PACA trust dissipation satisfies the irreparable harm requirement for injunctive relief if, absent such relief, ultimate recovery is rendered unlikely. For example, *See Continental Fruit Co. v. Gatziolis & Co.*, 74 F.Supp. 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive action, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); *Gullo Produce Co., v. A.C. Jordan Produce Co.*, 751 F.Supp. 64, 67 (W.D.Pa. 1990) (concluding that Plaintiffs "have suffered and will continue to suffer immediate and irreparable harm if the Defendant is not restrained from using or otherwise dissipating the trust assets" when the Defendant's insolvency precluded recovery); *DeBruyn Produce, Co. v. Olympic Produce Co.*, 734 F.Supp. 483, 485-86 (N.D.Ga. 1989) (granting injunctive relief in the form of a segregated trust because the Plaintiff, in light of the

Defendant's troublesome financial situation, would suffer irreparable harm if unable to collect its receivables).

Plaintiff has submitted substantial evidence of dissipation of PACA trust assets and Defendants' general financial instability.[1] Specially, Plaintiff demanded payment from Defendants on dozens of occasions via telephone calls in addition to sending invoices requesting payment. Despite these efforts, payment has not been received. Further Defendants admitted that the money is due, but nevertheless failed and refused to pay any portion of the debt despite repeated promises to do so.

For these reasons, adequate evidence exists to establish that Defendants dissipated PACA trust assets, failed to maintain trust assets in amounts sufficient to fully pay Plaintiff for the produce which is the subject of this dispute and are likely unable to fully repay the debt. On that basis alone, Plaintiff has adequately satisfied the irreparable harm requirement necessary for injunctive relief.

Finally, it should be noted that Congress, in establishing the trust over perishable agricultural commodities and their proceeds, recognized the risks and hardships inherent in being a grower and shipper of perishables and the irreparable harm which will result when an insolvent purchaser cannot pay the grower in a timely manner. Specifically, Congress has stated:

> The process of growing, harvesting, packing and shipping perishables is a real gamble; costs are high, capital and returns are delayed until the crop is sold. If the grower-shipper cannot realize any returns on the sale of the crop when due, he may not

---

[1]     Notably, the evidence submitted here is exactly the same sort of evidence submitted in the *Packed Fresh Produce* matter and which the Court of Appeal deemed sufficient when concluding that injunctive relief should issue.

be able to survive. Thus, where business failures or reorganizations occur on the part of buyers of their crop, the growers are usually the parties least able to withstand the losses and inevitable delays which result from such actions. [Perishable Agricultural Commodities Act of 1930, Amendments, H.R. No. 98-543 (1984)].

Thus, Congress clearly acknowledged that when a supplier of perishable agricultural commodities is not paid by a purchaser, the supplier is exposed to irreparable harm to such a degree that the supplier may not even be able to survive. Accordingly, the PACA trust was created to remedy these potentially devastating risks to the suppliers by imposing a trust in favor of that supplier on the inventories of commodities and products derived therefrom and upon all proceeds of sales of such commodities and products in the hands of the commission merchant, dealer or broker. *Fresh Approach II*, 51 B.R. at 421.

The purpose of the PACA trust can only be accomplished if the corpus of the trust is maintained for the benefit of the unpaid supplier until full payment has been made for all commodities purchased. *In re Annde Foods, Inc.*, 110 B.R. 346 (Bankr. N.D. Ill., 1989). Therefore, unless the relief requested by Plaintiff is issued to protect the trust rights of Plaintiff, there is the very real possibility that Plaintiff' trust rights may effectively be eviscerated. Parenthetically, because several months elapsed between when the TRO was first denied by the District Court in the *Packed Fresh* case and when it was finally entered after appeal, the PACA trust assets were dissipated and the PACA trust beneficiaries remain unpaid. Plaintiff asks this Court, in the exercise of its sound discretion, to minimize any prospects of such a repeat occurrence in the current case and to immediately require Defendants to preserve trust assets in a manner that they are guaranteed to be available to satisfy Plaintiff's trust claim.

For these reasons, Plaintiff will be irreparably harmed by the continued dissipation of trust assets if Defendants are not restrained from spending, diverting or distributing any funds before a hearing can be had on the merits of Plaintiff's complaint. Moreover, Defendants must be compelled to establish a segregated account into which trust funds must be placed in an amount sufficient to satisfy Plaintiff's claims. In the event the Court is inclined to hear this matter after notice despite the above, Plaintiff urges the court to set the hearing on an emergency basis not to exceed 24 hours.

Plaintiff has established that its claim to the trust assets is prior in right to all others. The trust interests of Plaintiff will be irreparably harmed if Defendants remain free to divert trust assets to third parties and Plaintiff do not receive payment. *Further loss or dissipation of product proceeds or receivables held in trust by Defendants can only be prevented if the Court requires Defendants to segregate sufficient assets by depositing funds with the Court or in the alternative, depositing sufficient funds in a separate, trust account to be established by counsel herein.*

Finally, success on the merits of this particular action is highly likely. Defendants do not dispute that it has not paid Plaintiff for the produce transactions at issue. Moreover, it is clear that Plaintiff fully perfected its trust claim under the Act.

## V. NO BOND SHOULD BE REQUIRED TO GRANT PRELIMINARY RELIEF

No bond should be required to be posted as a condition of preliminary relief. Federal Rule of Civil Procedure 65(c) speaks of requiring a bond "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." However, the court has the discretion to dispense with the requirement of a bond completely under appropriate circumstances or to require a nominal bond. *Sundor Brands, Inc. v. Borden, Inc.*, 653 F. Supp. 86, 93 (M.D. Fla. 1986). *See also, California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1324-25, *as amended*, 775 F.2d 998 (9th Cir. 1985); *Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977).

In the instant matter, Defendants are to be ordered simply to comply with the trust provisions of the PACA. As it is required to do by law, Defendants are to sequester the PACA trust assets to which it lacks equitable title and to use them for the statutorily mandated purpose of satisfying qualified PACA claims.

*The monies are clearly not Defendants' property.* Rather, Defendants merely hold them as trustee for Plaintiff. Accordingly, there is no potential harm to Defendants from an order compelling them to comply with the law and to set aside funds that are not Defendants' property. Under these circumstances, no bond should be required.

Accordingly, Plaintiff submits that the posting of a bond should not be a condition of obtaining a temporary restraining order or preliminary injunction compelling Defendants to comply with the trust provisions of the PACA and to set aside the trust funds in their possession. Alternatively, should this Court feel some bond is appropriate, no more than a nominal bond should be required.

## VI. THE PACA TRUST BENEFICIARY IS ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS EXPENDED TO RECOVER AMOUNTS DUE AS WELL AS PREJUDGMENT AND POSTJUDGMENT INTEREST PURSUANT TO THE PROVISIONS OF THE PACA TRUST AND SPECIFIC AGREEMENT

PACA trust beneficiaries who are compelled to bring a lawsuit to prevent dissipation of PACA trust assets are entitled to recover reasonable attorney fees and other costs incurred thereby. *In re Monterey House, Inc.*, 71 B.R. 244 (Bankr. S.D. Texas 1986). *See also, In re Milton Poulos, Inc.*, 71 B.R. 244, 248 (Bankr. S.D. Tex. 1986); *Continental Sales Co. v. Billings*, No. 4-93-2763 (S.D. Tex. Mar. 6, 1996).

For these reasons, Plaintiff requests that they be reimbursed all interest, costs, and attorney's fees incurred in bringing this action.

### VII. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause re preliminary injunction should be granted.

DATED: March 10, 2005            CHURCH BROTHERS, LLC

By:    _____
VALERIE CARTER, ESQ.
BBO No. 545412
Carter and Doyle, LLP
530 Atlantic Avenue, Third Floor
Russia Wharf West
Boston, MA 02210
Tel: (617) 348-0525
Fax: (617) 348-0989
E-Mail: vcarter@carterdoyle.com

ORIGINAL

1  LEWIS P. JANOWSKY, SBN 092735
2  BART M. BOTTA, SBN 167051
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660-2423
4  Telephone: (949) 752-2911

5  Attorneys for Plaintiff
6  VAL-PRO, INC.,
   d/b/a VALLEY FRUIT & PRODUCE COMPANY
7

8
             IN THE UNITED STATES DISTRICT COURT
9
          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11  VAL-PRO, INC., a corporation doing         CASE NO.: 03 CV 1238 IEG AJB
    business as VALLEY FRUIT &
12  PRODUCE COMPANY,
                                               [PROPOSED] TEMPORARY
13                     Plaintiff,              RESTRAINING ORDER AND ORDER
                                               TO SHOW CAUSE RE
14       v.                                    PRELIMINARY
                                               INJUNCTION AND PROPOSED
15  SKW PRODUCE, INC., a corporation;          PRELIMINARY INJUNCTION
    MATTHEW M. KREMER, an individual;
16  MICHAEL DAVID WILLIAMS, an
    individual; TODD R. SPITZER, an
17  individual,

18
                       Defendants.
19

20

21
         Upon review of the Complaint of Plaintiff VAL-PRO, INC. d/b/a VALLEY
22
23  FRUIT & PRODUCE CO. (hereinafter referred to as "VFPC" or "Plaintiff"), on file in

24  the above-captioned action, and the declarations, exhibits and Memorandum of Points

25  and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order

26
    and/or Preliminary Injunction submitted therewith, and all documents, if any, provided by
27
28  Defendants, SKW PRODUCE, INC., a corporation; MATTHEW M. KREMER, an

FILED
03 JUL -3 AM 9: 21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

EXHIBIT 1

1  individual; MICHAEL DAVID WILLIAMS, an individual; TODD R. SPITZER, an

2  individual, (hereinafter referred to collectively as "Defendants") in opposition thereto, if

3  any, and it appearing to the satisfaction of the Court that this is a proper case for granting

4  a Temporary Restraining Order and Order to Show Cause,

5

6      IT IS HEREBY ORDERED that Defendants appear in Courtroom _13_ of the

7  U.S. District Court for the Southern District of California, 880 Front Street, San Diego,

8  CA 92101-8900 on _July 17_____, 2003, at _10:30_ a.m., or as soon thereafter as the

9  matter may be heard, then and there to show cause, if any they have, why they, their

10  agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and

11  representatives should not be restrained and preliminarily enjoined during the pendency

12  of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging

13  in, committing, or performing directly and indirectly, any and all of the following acts:

14

15     A.    Removing, withdrawing, transferring, assigning or selling to any other

16

17  person or entity, the proceeds from the sales of any or all existing or future inventories of

18  food or other products derived from perishable agricultural commodities, and/or receipts

19  of payment for products sold prior to the date of this order and/or otherwise disposing of

20  assets, books or funds;

21

22     B.    Taking any other action whatsoever which causes, has the effect of causing,

23  or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the

24  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

25

26     C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

27  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

28

03-203/SKW Proposed TRO.doc                    2

RYAN, LAW OFFICES
RYAN & LANDSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-0953
FAX (949) 752-0953

1    IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers,

2    agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

3    acting in concert with them, appear at the same time and place to show cause, if any they

4    have, why they should not be commanded by order of this Court and required to

5    distribute PACA trust assets in the amount of at least $61,501.03 which includes

6    $57,161.89 the cumulative amount of the PACA trust principal owing to Plaintiffs, plus

7    $1,109.14 in finance charges accrued from the dates of default for each transaction

8    through June 13, 2003 at the agreed-upon rate of 1½% per month (18% annually) and

9    attorneys' fees *to be determined by the court.* in the amount of $3,080.00 and costs of $150.00.

10   IT IS FURTHER ORDERED that pending the hearing and determination of the

11   foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

12   successors, assignees, principals, attorneys, and persons acting in concert with them shall

13   be and hereby are prevented from transferring, withdrawing or in any other manner

14   removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,

15   including funds on deposit in banking accounts held by or on behalf of Defendants, from

16   Defendants' banking accounts, including but not limited to Defendants' accounts at Wells

17   Fargo Bank 1350 Fashion Valley Road, San Diego, California 92108, account no.

18   0828751610 or any other banking account subsequently determined to be standing in

19   Defendants' names, or any one of them.

20   IT IS FURTHER ORDERED that pending the hearing and determination of the

21   foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

22   agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

23   or performing directly and indirectly, any and all of the following acts:

D.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F.    Taking any other action whatsoever which violates 7 U.S.C. §499c(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.    Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Immediately assign Defendants' produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

RYHN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

I.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.    Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order.  Defendants shall, upon 2 business days notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

03-203/SKW ProposedTRO.doc                        5

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 2 business days notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all pleadings and other papers in support of the Order on or before _July 8, 2003_. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before _4:00_ p.m. on _July 14_____, 2003 and shall personally serve Plaintiff's counsel with a copy of said opposition by the same deadline. Plaintiff shall file and serve on Defendant a Reply to Defendants' Opposition on or before _noon_ on _July 16_____, 2003.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Temporary Restraining Order is effective.

DATED: _7/8/03_

_[signature]_
U.S. DISTRICT COURT JUDGE

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953



1   R. JASON READ, State Bar No. 117561
2   BART M. BOTTA, State Bar No. 167051
    RYNN & JANOWSKY
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660-2423
4   Telephone: (949) 752-2911

5   Attorneys for Plaintiff
6   VAL-PRO, INC.,
    d/b/a VALLEY FRUIT & PRODUCE COMPANY
7

**FILED**
MAY 16 2003
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

8              IN THE UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10                                          **SACV03-741GLT(ANx)**

11   VAL-PRO, INC., a corporation    CASE NO.
     doing business as VALLEY
12   FRUIT & PRODUCE COMPANY,        [~~PROPOSED~~] TEMPORARY
13                                   RESTRAINING ORDER AND ORDER
                    Plaintiff,       TO SHOW CAUSE RE PRELIMINARY
14                                   INJUNCTION AND PROPOSED
15                                   PRELIMINARY INJUNCTION
          v.
16   VZLA MANAGEMENT CO., INC., a
17   corporation d/b/a CHIA PLUS
     SUPERMARKETS;  ROSA C.
18   HERNANDEZ, an individual;
     JAIME F. CHIA, a/k/a JAIME
19   F. HERNANDEZ, an individual,

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.
DATE: 5/13/03
DEPUTY CLERK

20                  Defendants.

**ENTERED**
**THIS CONSTITUTES NOTICE OF ENTRY**
21
22   **MAY 19 2003 AS REQUIRED BY FRCP, RULE 77(d).**

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY ___

23          Upon review of the Complaint of Plaintiff VAL-PRO, INC.
24   d/b/a VALLEY FRUIT & PRODUCE CO. (hereinafter referred to
25   as "VFPC" or "Plaintiff"), on file in the above-captioned
26   action, and the declarations, exhibits and Memorandum of
27   Points and Authorities in support of Plaintiff's Motion for
28   a Temporary Restraining Order and/or Preliminary Injunction

**ENTER ON ICMS**
**MAY 19 2003**

ProposedTRO                         1

1  submitted therewith, ~~and all documents provided by~~
2  ~~Defendants VZLA MANAGEMENT CO., INC., a corporation d/b/a~~
3  ~~CHIA PLUS SUPERMARKETS, ROSA C. HERNANDEZ, an individual,~~
4  ~~JAIME F. CHIA, a/k/a JAIME F. HERNANDEZ, an Individual,~~
5  ~~hereinafter referred to collectively as "Defendants") in~~
6  ~~opposition thereto, if any/~~ and it appearing to the
7  satisfaction of the Court that this is a proper case for
8  granting a Temporary Restraining Order and Order to Show
9  Cause,

10     IT IS HEREBY ORDERED that Defendants appear in
11  Courtroom 10D of the U.S. District Court for the Central
12  District of California, Santa Ana Division, 411 Fourth
13  Street, Santa Ana, CA 92701 on May 27 __, 2003, at
14  10:00 a.m., or as soon thereafter as the matter may be
15  heard, then and there to show cause, if any they have, why
16  they, their agents, bankers, subsidiaries, successors,
17  assignees, principals, employees, attorneys, and
18  representatives should not be restrained and preliminarily
19  enjoined during the pendency of this action, pursuant to
20  Rule 65 of the Federal Rules of Civil Procedure, from
21  engaging in, committing, or performing directly and
22  indirectly, any and all of the following acts:
23     A.  Removing, withdrawing, transferring, assigning or
24  selling to any other person or entity, the proceeds from
25  the sales of any or all existing or future inventories of
26  food or other products derived from perishable agricultural
27  commodities, and/or receipts of payment for products sold
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

ProposedTRO                    2

1  prior to the date of this order and/or otherwise disposing

2  of assets, books or funds;

3  B. Taking any other action whatsoever which causes,

4  has the effect of causing, or which otherwise dissipates

5  Plaintiff's beneficiary interests in trust assets of the

6  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C.

7  §499e et seq.];

8  C. Taking any other action whatsoever which violates

9  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

10  §499b(4) [§2 of PACA].

11  IT IS FURTHER ORDERED that Defendants, their officers,

12  directors, bankers, agents, subsidiaries, successors,

13  assignees, principals, assignors, attorneys and persons

14  acting in concert with them, appear at the same time and

15  place to show cause, if any they have, why they should not

16  be commanded by order of this Court and required to

17  distribute PACA trust assets in the amount of at least

18  $82,720.66, which includes $77,303.28, the cumulative

19  amount of the PACA trust principal owing to Plaintiffs,

20  plus $2,187.38 in finance charges accrued from the dates of

21  default for each transaction through May 15, 2003 at the

22  agreed-upon rate of 1½% per month (18% annually) and

23  attorneys' fees in the amount of $3,080.00 and costs of

24  $150.00.

25  IT IS FURTHER ORDERED that pending the hearing and

26  determination of the foregoing Order to Show Cause,

27  Defendants, their agents, bankers, subsidiaries,

28  successors, assignees, principals, attorneys, and persons

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

ProposedTRO                                    3

1  acting in concert with them shall be and hereby are
2  prevented from transferring, withdrawing or in any other
3  manner removing Perishable Agricultural Commodities Act [7
4  U.S.C. §499e et seq.] trust assets, including funds on
5  deposit in banking accounts held by or on behalf of
6  Defendants, from Defendants' banking accounts, including
7  but not limited to Defendants' s accounts at California
8  Bank & Trust, Anaheim Branch, Anaheim, California account
9  no. 308000361 or any other banking account subsequently
10 determined to be standing in Defendants' name's, or any one
11 of them.

12      IT IS FURTHER ORDERED that pending the hearing and
13 determination of the foregoing Order to Show Cause, and
14 continuing thereafter, Defendants and their counsel,
15 agents, or representatives, shall be preliminarily enjoined
16 from engaging in, committing, or performing directly and
17 indirectly, any and all of the following acts:

18      D.  Removing, withdrawing, transferring, assigning or
19 selling to any other person or entity, the proceeds from
20 the sales of any or all existing or future inventories of
21 food or other products derived from perishable agricultural
22 commodities, and/or receipts of payment for products or
23 crops sold prior to the date of this order and/or otherwise
24 disposing of assets, books or funds;

25      E.  Taking any other action whatsoever which causes,
26 has the effect of causing, or which otherwise dissipates
27 Plaintiff's beneficiary interests in the trust assets;

28

F.    Taking any other action whatsoever which violates
7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.
§499b(4) [§2 of Perishable Agricultural Commodities Act
("PACA")].

IT IS FURTHER ORDERED that in the event Defendants lack
sufficient funds to promptly deposit the sums described
above, Defendants shall be and hereby are required and
ordered to:

G.    Immediately account to the Court and Plaintiff for
all assets of the PACA trust from commencement of
Defendants' business through the date of this Order.

H.    Immediately assign Defendants' produce related
receivables to Plaintiff for collection until Plaintiff is
fully paid, and deposit and/or deliver complete accounts,
records, and information of all of said receivables to
Plaintiff's counsel without charge to the trust, and
subject to Plaintiff's counsel making a weekly accounting
for all receivables received or collected by Plaintiff's
counsel in that regard.    Plaintiff's counsel shall act as
trustee in connection with its duties of collection of the
accounts receivable and shall deposit any cash assets of
the trust which are collected under this order in a trust
account.

I.    Endorse any checks made, endorsed or paid, to
Defendants which are trust assets and which are in their
possession or obtainable by Defendants at the time of the
entry of this Order, or which Defendants obtain or which
become obtainable by Defendants after the entry of this

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  Order, including but not limited to checks representing

2  payment for sales of growing crops, and shall deliver said

3  assets within 48 hours of Defendants' receipt of them to

4  Plaintiff's counsel as set forth above.    Likewise,

5  Defendants shall deliver any cash assets of the PACA trust

6  which are in its possession or are obtainable by Defendants

7  at the time of the entry of this order, or which Defendants

8  obtain or which become obtainable by Defendants after entry

9  of this Order, within 48 hours of Defendants' receipt of

10 them to Plaintiff's counsel.

11     J.   File weekly with this Court satisfactory evidence

12 of compliance with the terms of this Order.

13     IT IS FURTHER ORDERED that pending the hearing and

14 determination of the foregoing Order to Show Cause, and

15 continuing thereafter, Plaintiff and its counsel, agents,

16 or representatives, shall have full and complete and

17 continuing access to all of Defendants' books and records,

18 which shall include but not necessarily be limited to,

19 Defendants' accounts receivable and payable ledgers,

20 invoices, ledgers, computer runs, bank statements and

21 canceled checks, relating to Defendants' business and

22 personal financial status from commencement of Defendants'

23 business activities forward for the purpose of verifying

24 Defendants' accountings required by this Order and for

25 enforcement of this Order.    Defendants shall, upon 2

26 business days notice by Plaintiff's counsel, allow

27 inspection and copying of the books and records of said

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

6

ProposedTRO

1   Defendants by Plaintiff or its representatives at

2   Defendants' place of business.

3        IT IS FURTHER ORDERED that pending the hearing and

4   determination of the foregoing Order to Show Cause, and

5   continuing thereafter, Plaintiff shall be entitled to

6   depose, under oath, at reasonable times and places, upon at

7   least 2 business days notice, Defendants and/or Defendants'

8   other principals, owners, directors, officers,

9   shareholders, employees, agents and accountants concerning

10  any matter pertaining to any accounting due pursuant to

11  this Order, any books or records which Plaintiff is

12  entitled to inspect under this Order, the trust assets or

13  any of Defendants' business assets, and/or Defendants'

14  business practices, procedures or operations from

15  commencement of Defendants' business activities.

16       IT IS FURTHER ORDERED that Plaintiff is to serve copies

17  of this Order and all pleadings and other papers in support

18  of the Order on or before May 19, 2003. Defendants shall

19  file an Opposition, if any, to the Order to Show Cause on

20  or before 3:00 p.m. on May 21, 2003, 2003 and shall

21  personally serve Plaintiff's counsel with a copy of said

22  opposition by the same deadline. Plaintiff shall file and

23  serve on Defendant a Reply to Defendants' Opposition on or

24  before 1:00 p.m. on May 23, 2003, 2003.

25  / / /

26  / / /

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1    IT IS FURTHER ORDERED that no bond shall be required to

2    be posted by Plaintiff before the Temporary Restraining

3    Order is effective. in the amount of $20,000⁰⁰

4

5    DATED: May 16, 2003

6                                    U.S. DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

ProposedTRO

1  R. JASON READ, SBN 117561
2  MINDY L. JAMES, SBN 197226
   RYNN & JANOWSKY
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA  92660
4  Telephone:    (949) 752-2911
5  Facsimile:    (949) 752-0953

6  Attorneys for Plaintiff
7  MALENA PRODUCE, INC.

FILED
CLERK US DISTRICT COURT

JUN 18 2002

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

8              UNITED STATES DISTRICT COURT
9  FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10 MALENA PRODUCE, INC., a          CASE NO. 02-04795
11 corporation,
                                    [PROPOSED] TEMPORARY
12             Plaintiff,           RESTRAINING ORDER AND
                                    ORDER TO SHOW CAUSE RE
13       v.                         PRELIMINARY INJUNCTION AND
                                    PROPOSED PRELIMINARY
14 HUGO IRAHETA, individually       INJUNCTION
15 and doing business as HUGO
16 PRODUCE COMPANY,
17             Defendants.

18

19       Upon  review  of  the  Complaint  of  Plaintiff  MALENA
20 PRODUCE, INC. (" Malena" or "Plaintiff"), on file in the
21 above-captioned action, and the declarations, exhibits and
22 Memorandum  of  Points  and  Authorities  in  support  of
23 Plaintiff's Motion for a Temporary Restraining Order and/or
24 Preliminary Injunction submitted therewith, and any and all
25 documents provided by Defendants HUGO IRAHETA, individually
26 and doing business as HUGO PRODUCE COMPANY (hereinafter
27 referred to collectively as " Defendants") in opposition
28

02-168/Proposed TRO                    1

1  thereto, and it appearing to the satisfaction of the Court
2  that this is a proper case for granting a Temporary
3  Restraining Order and Order to Show Cause,

4    IT IS HEREBY ORDERED that Defendants appear in
5  Courtroom 750 of the U.S. District Court for the Central
6  District of California, 255 E. Temple St., Los Angeles,
7  California 90012 on July 2 [Tuesday], 2002, at 3:00 p.m.,
8  or as soon thereafter as the matter may be heard, then and
9  there to show cause, if any they have, why they, their
10 agents, bankers, subsidiaries, successors, assignees,
11 principals, employees, attorneys, and representatives
12 should not be restrained and preliminarily enjoined during
13 the pendency of this action, pursuant to Rule 65 of the
14 Federal Rules of Civil Procedure, from engaging in,
15 committing, or performing directly and indirectly, any and
16 all of the following acts:

17    A.  Removing, withdrawing, transferring, assigning or
18 selling to any other person or entity, the proceeds from
19 the sales of any or all existing or future inventories of
20 food or other products derived from perishable (including
21 frozen) agricultural commodities, and/or receipts of
22 payment for products sold prior to the date of this order
23 and/or otherwise disposing of assets, books or funds;

24    B.  Taking any other action whatsoever which causes,
25 has the effect of causing, or which otherwise dissipates
26 Plaintiff's beneficiary interests in trust assets of the
27
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

02-168/Proposed TRO                    2

1  Perishable Agricultural Commodities Act (" PACA" ) [7 U.S.C.
2  §499e et seq.];

3      C.   Taking any other action whatsoever which violates
4  7 U.S.C. §499c(c)(1) through (4), inclusive, and 7 U.S.C.
5  §499b(4) [§2 of PACA].

6      IT IS FURTHER ORDERED that Defendants, their owners,
7  officers, directors, bankers, agents, subsidiaries,
8  successors, assignees, principals, assignors, attorneys and
9  persons acting in concert with them, appear at the same
10 time and place to show cause, if any they have, why they
11 should not be commanded by order of this Court and required
12 to distribute PACA trust assets in the amount of at least
13 $70,566.87, which includes $65,098.25, the cumulative
14 amount of the PACA Trust principal owing to Plaintiff, plus
15 $1,963.62 in interest accrued from the dates of default for
16 each transactions through June 13, 2002 at a rate of 10%
17 per annum and attorneys' fees in the amount of $3,355.00
18 and costs of $150.00.

19     IT IS FURTHER ORDERED that pending the hearing and
20 determination of the foregoing Order to Show Cause,
21 Defendants, their agents, bankers, subsidiaries,
22 successors, assignees, principals, attorneys, and persons
23 acting in concert with them shall be and hereby are
24 prevented from transferring, withdrawing or in any other
25 manner removing Perishable Agricultural Commodities Act [7
26 U.S.C. §499e et seq.] trust assets, including funds on
27 deposit in banking accounts held by or on behalf of
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 210
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   Defendants, from Defendants' banking accounts, including
2   but not limited to account number 09899-06398, at the Bank
3   of America, 10200 Reseda Blvd., Northridge, California
4   91324 from Defendants' banking accounts.

5      IT IS FURTHER ORDERED that pending the hearing and
6   determination of the foregoing Order to Show Cause, ~~and~~
7   ~~continuing thereafter~~, Defendants and their counsel,
8   agents, or representatives, shall be preliminarily enjoined
9   from engaging in, committing, or performing directly and
10  indirectly, any and all of the following acts:

11     D.   Removing, withdrawing, transferring, assigning or
12  selling to any other person or entity, the proceeds from
13  the sales of any or all existing or future inventories of
14  food or other products derived from perishable agricultural
15  commodities, and/or receipts of payment for products or
16  crops sold prior to the date of this order and/or otherwise
17  disposing of trust assets, books or funds;

18     E.   Taking any other action whatsoever which causes,
19  has the effect of causing, or which otherwise dissipates
20  Plaintiff's beneficiary interests in the trust assets;

21     F.   Taking any other action whatsoever which violates
22  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.
23  §499b(4) [§2 of Perishable Agricultural Commodities Act
24  ("PACA")].

25     IT IS FURTHER ORDERED that in the event Defendants lack
26  sufficient funds to promptly deposit the sums described
27
28

03-168/Proposed TRO                    4

1  above, Defendants shall be and hereby are required and

2  ordered to:

3      G.  Immediately account to the Court and Plaintiff for

4  all assets of the PACA trust from commencement of

5  Defendants' business through the date of this Order.

6      H.  Immediately assign Defendants' inventory of

7  perishable agricultural commodities and produce related

8  receivables to Plaintiff for sale and collection until

9  Plaintiff is fully paid, and deposit and/or deliver

10 complete accounts, records, and information of all of said

11 receivables to Plaintiff's counsel without charge to the

12 trust, and subject to Plaintiff's counsel making a weekly

13 accounting for all receivables received or collected by

14 Plaintiff's counsel in that regard.  Plaintiff's counsel

15 shall act as trustee in connection with its duties of

16 collection of the accounts receivable and shall deposit any

17 cash assets of the trust which are collected under this

18 order in a trust account.  In Plaintiff's sole discretion,

19 to the extent necessary to prevent loss of Defendant's

20 inventory of perishable agricultural commodities through

21 decay, over-ripening, spoliation or improper storage or

22 handling; Plaintiff may immediately take possession of any

23 such inventory and sell such inventory through a PACA

24 licensed broker.  The proceeds of any such sales shall be

25 held in trust by Plaintiff's counsel pending further order

26 of this court.  Any broker retained by Plaintiff or

27 Plaintiff's counsel to effectuate such sales may retain a

28

02-168/Proposed TRO                                    5

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  brokerage commission in an amount reasonable and customary
2  in the produce industry. The U.S. Marshal shall
3  immediately assist Plaintiff in any manner reasonably
4  necessary to accomplish the sales that are the subject of
5  this agreement.

6      I. Endorse any checks made, endorsed or paid, to
7  Defendants which are trust assets and which are in their
8  possession or obtainable by Defendants at the time of the
9  entry of this Order, or which Defendants obtain or which
10  become obtainable by Defendants after the entry of this
11  Order, including but not limited to checks representing
12  payment for sales of inventory, and shall deliver said
13  assets within 48 hours of Defendants' receipt of them to
14  Plaintiff's counsel as set forth above. Likewise,
15  Defendants shall deliver any cash assets of the PACA trust
16  which are in its possession or are obtainable by Defendants
17  at the time of the entry of this order, or which Defendants
18  obtain or which become obtainable by Defendants after entry
19  of this Order, within 48 hours of Defendants' receipt of
20  them to Plaintiff's counsel.

21      J. File ~~weekly~~ with this Court ^at the time of the hearing^ satisfactory evidence
22  of compliance with the terms of this Order.

23      IT IS FURTHER ORDERED that pending the hearing and
24  determination of the foregoing Order to Show Cause, ~~and~~
25  ~~continuing thereafter,~~ Plaintiff and their counsel, agents,
26  or representatives, shall have full and complete and
27  continuing access to all of Defendants' books and records.
28

LAW OFFICES
ATKIN & ANDROFF
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  which shall include but not necessarily be limited to,
2  Defendants' accounts receivable and payable ledgers,
3  invoices, ledgers, computer runs, bank statements and
4  canceled checks, relating to Defendants' business and
5  personal financial status from commencement of Defendants'
6  business activities forward for the purpose of verifying
7  Defendants' accountings required by this Order and for
8  enforcement of this Order. Defendants shall, upon 48 hours
9  notice by Plaintiff's counsel, allow inspection and copying
10 of the books and records of said Defendants by Plaintiff or
11 its representatives at Defendants' place of business.

12     IT IS FURTHER ORDERED that pending the hearing and
13 determination of the foregoing Order to Show Cause, ~~and~~
14 ~~continuing thereafter,~~ Plaintiff shall be entitled to
15 depose, under oath, at reasonable times and places, upon at
16 least 48 hours notice, Defendants and/or Defendants' other
17 principals, owners, directors, officers, shareholders,
18 employees, agents and accountants concerning any matter
19 pertaining to any accounting due pursuant to this Order,
20 any books or records which Plaintiff are entitled to
21 inspect under this Order, the trust assets or any of
22 Defendants' business assets, and/or Defendants' business
23 practices, procedures or operations from commencement of
24 Defendants' business activities.

25     IT IS FURTHER ORDERED that Plaintiff shall serve
26 Defendants with copies of this Order and all pleadings and
27 other papers in support of the Order on or before
28

02-168/Proposed TRO                    7

1   June 19, 2002 by 5 p.m.  Defendants shall file an Opposition, if

2   any, to the Order to Show Cause on or before ~~~~~~ 5 p.m. on

3   June 27, 2002. and shall personally serve Plaintiff's

4   counsel with a copy of said opposition by the same

5   deadline.  ~~Plaintiff shall file and serve on Defendant a~~

6   ~~Reply to Defendants' Opposition on or before _____ m. on~~

7   ~~_____.~~

8        IT IS FURTHER ORDERED that no bond shall be required to

9   be posted by Plaintiff before the Temporary Restraining

10  Order is effective.

11

12

13  DATED: June 18, 2002    _Florence-Marie Cooper_

14                          U.S. DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02-168/Proposed TRO                    8



COPY
LODGED

1  R. JASON READ, SBN 117564
2  MINDY L. JAMES, SBN 197226    MAR -1 (2:10
   RYNN & JANOWSKY        CLERK U.S. DISTRICT
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  Telephone:    (949) 752-2911
5  Facsimile:    (949) 752-0953

6
7  Attorneys for Plaintiff
   MEYER TOMATOES, LLC

8

9           UNITED STATES DISTRICT COURT

10    FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11  MEYER TOMATOES, LLC, a          CASE NO.
    limited liability company,
12                                  [PROPOSED] TEMPORARY
                                    RESTRAINING ORDER AND
13          Plaintiff,              ORDER TO SHOW CAUSE RE
                                    PRELIMINARY INJUNCTION AND
14          v.                      PROPOSED PRELIMINARY
                                    INJUNCTION
15  FNT PRODUCE CO., INC., a
    corporation; FRANK P.
16  AGUIRRE, an individual;
    AMANDA AGUIRRE, an
17  individual,

18

19          Defendants.

20     Upon  review  of  the  Complaint  of  Plaintiff  MEYER
21  TOMATOES, LLC ("Meyer" or "Plaintiff"), on file in the
22  above-captioned action, and the declarations, exhibits and
23  Memorandum  of  Points  and  Authorities  in  support  of
24  Plaintiff's Motion for a Temporary Restraining Order and/or
25  Preliminary Injunction submitted therewith, and any and all
26  documents  provided  by  Defendants  FNT  PRODUCE  CO.,  INC.,
27  FRANK P. AGUIRRE, and AMANDA AGUIRRE (hereinafter referred
28

CASE NO. 02-01789

FILED
CLERK, U.S. DISTRICT COURT
MAR -1 2002
3-1-02
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAR -6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

___ Docketed
___ Copies / NTC Sent
___ JS-5 / JS-6
___ JS-2 / JS-3

RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  to collectively as "Defendants") in opposition thereto,

2  and it appearing to the satisfaction of the Court that this

3  is a proper case for granting a Temporary Restraining Order

4  and Order to Show Cause,

5      IT IS HEREBY ORDERED that Defendants appear in

6  Courtroom 880 of the U.S. District Court for the Central

7  District of California, 255 E. Temple St. , Los Angeles,

8  California 90012 on March 14 , 2002, at 1:30 p.m.,

9  or as soon thereafter as the matter may be heard, then and

10 there to show cause, if any they have, why they, their

11 agents, bankers, subsidiaries, successors, assignees,

12 principals, employees, attorneys, and representatives

13 should not be restrained and preliminarily enjoined during

14 the pendency of this action, pursuant to Rule 65 of the

15 Federal Rules of Civil Procedure, from engaging in,

16 committing, or performing directly and indirectly, any and

17 all of the following acts:

18     A.  Removing, withdrawing, transferring, assigning or

19 selling to any other person or entity, the proceeds from

20 the sales of any or all existing or future inventories of

21 food or other products derived from perishable (including

22 frozen) agricultural commodities, and/or receipts of

23 payment for products sold prior to the date of this order

24 and/or otherwise disposing of assets, books or funds;

25     B.  Taking any other action whatsoever which causes,

26 has the effect of causing, or which otherwise dissipates

27 Plaintiff's beneficiary interests in trust assets of the

28

1   Perishable Agricultural Commodities Act (" PACA" ) [7 U.S.C.

2   §499e *et seq.*];

3       C.   Taking any other action whatsoever which violates

4   7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

5   §499b(4) [§2 of PACA].

6       IT IS FURTHER ORDERED that Defendants, their officers,

7   directors,  bankers,  agents,  subsidiaries,  successors,

8   assignees, principals, assignors, attorneys and persons

9   acting in concert with them, appear at the same time and

10  place to show cause, if any they have, why they should not

11  be commanded by order of this Court and required to

12  distribute PACA trust assets in the amount of at least

13  $51,517.65, which includes $46,340.95, the cumulative

14  amount of the PACA Trust principal owing to Plaintiff, plus

15  $1,396.70 in finance charges accrued from the dates of

16  default for each transactions through February 28, 2002 at

17  a rate of 18% per annum pursuant to 45 Fed.Reg. 37,872

18  (1980) and attorneys' fees in the amount of $3,630.00 and

19  costs of $150.00.

20      IT IS FURTHER ORDERED that pending the hearing and

21  determination of the foregoing Order to Show Cause,

22  Defendants,  their  agents,  bankers,  subsidiaries,

23  successors, assignees, principals, attorneys, and persons

24  acting in concert with them shall be and hereby are

25  prevented from transferring, withdrawing or in any other

26  manner removing Perishable Agricultural Commodities Act [7

27  U.S.C. §499e *et seq.*] trust assets, including funds on

28

1   deposit in banking accounts held by or on behalf of
2   Defendants, from Defendants' banking accounts, including
3   but not limited to Defendants' accounts held at Pacific
4   Western National Bank, located at 200 S. Vincent Ave., West
5   Covina, CA 91790.

6   IT IS FURTHER ORDERED that pending the hearing and
7   determination of the foregoing Order to Show Cause, and
8   continuing thereafter, Defendants and their counsel,
9   **agents, or representatives, shall be preliminarily enjoined**
10  **from engaging in, committing, or performing directly and**
11  **indirectly, any and all of the following acts:**

12  D.   Removing, withdrawing, transferring, assigning or
13  selling to any other person or entity, the proceeds from
14  the sales of any or all existing or future inventories of
15  food or other products derived from perishable agricultural
16  commodities, and/or receipts of payment for products or
17  crops sold prior to the date of this order and/or otherwise
18  disposing of assets, books or funds;

19  E.   Taking any other action whatsoever which causes,
20  has the effect of causing, or which otherwise dissipates
21  Plaintiff's beneficiary interests in the trust assets;

22  F.   Taking any other action whatsoever which violates
23  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.
24  §499b(4) [§2 of Perishable Agricultural Commodities Act
25  ("PACA")].

26  IT IS FURTHER ORDERED that in the event Defendants lack
27  sufficient funds to promptly deposit the sums described
28

above, Defendants shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H. Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard.  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.  In Plaintiff's sole discretion, to the extent necessary to prevent loss of Defendant's inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling, Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker.  The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court.  Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a

1  brokerage commission in an amount reasonable and customary
2  in the produce industry. The U.S. Marshal shall
3  immediately assist Plaintiff in any manner reasonably
4  necessary to accomplish the sales that are the subject of
5  this agreement.

6      I. Endorse any checks made, endorsed or paid, to
7  Defendants which are trust assets and which are in their
8  possession or obtainable by Defendants at the time of the
9  entry of this Order, or which Defendants obtain or which
10 become obtainable by Defendants after the entry of this
11 Order, including but not limited to checks representing
12 payment for sales of inventory, and shall deliver said
13 assets within 48 hours of Defendants' receipt of them to
14 Plaintiff's counsel as set forth above. Likewise,
15 Defendants shall deliver any cash assets of the PACA trust
16 which are in its possession or are obtainable by Defendants
17 at the time of the entry of this order, or which Defendants
18 obtain or which become obtainable by Defendants after entry
19 of this Order, within 48 hours of Defendants' receipt of
20 them to Plaintiff's counsel.

21     J. File weekly with this Court satisfactory evidence
22 of compliance with the terms of this Order.

23     IT IS FURTHER ORDERED that pending the hearing and
24 determination of the foregoing Order to Show Cause, and
25 continuing thereafter, Plaintiff and their counsel, agents,
26 or representatives, shall have full and complete and
27 continuing access to all of Defendants' books and records,
28

1  which shall include but not necessarily be limited to,

2  Defendants' accounts receivable and payable ledgers,

3  invoices, ledgers, computer runs, bank statements and

4  canceled checks, relating to Defendants' business and

5  personal financial status from commencement of Defendants'

6  business activities forward for the purpose of verifying

7  Defendants' accountings required by this Order and for

8  enforcement of this Order. Defendants shall, upon 48 hours

9  notice by Plaintiff's counsel, allow inspection and copying

10 of the books and records of said Defendants by Plaintiff or

11 its representatives at Defendants' place of business.

12     IT IS FURTHER ORDERED that pending the hearing and

13 determination of the foregoing Order to Show Cause, and

14 continuing thereafter, Plaintiff shall be entitled to

15 depose, under oath, at reasonable times and places, upon at

16 least 48 hours notice, Defendants and/or Defendants' other

17 principals, owners, directors, officers, shareholders,

18 employees, agents and accountants concerning any matter

19 pertaining to any accounting due pursuant to this Order,

20 any books or records which Plaintiff are entitled to

21 inspect under this Order, the trust assets or any of

22 Defendants' business assets, and/or Defendants' business

23 practices, procedures or operations from commencement of

24 Defendants' business activities.

25     IT IS FURTHER ORDERED that Plaintiff shall serve

26 Defendants with copies of this Order and all pleadings and

27 other papers in support of the Order on or before

28

1  _March 5, 2002._ Defendants shall file an Opposition, if

2  any, to the Order to Show Cause on or before _3:00_ p.m. on

3  _March 11, 2002_ , and shall personally serve Plaintiff's

4  counsel with a copy of said opposition by the same

5  deadline. Plaintiff shall file and serve on Defendant a

6  Reply to Defendants' Opposition on or before _3:00_ p.m. on

7  _March 13, 2002_ .

8      IT IS FURTHER ORDERED that no bond shall be required to

9  be posted by Plaintiff before the Temporary Restraining

10 Order is effective.

11

12

13 DATED: _March 1, 2002_                **DICKRAN TEVRIZIAN**
                                         _____
14                                       U.S. DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 R. JASON READ, State Bar No. 117561
2 MINDY JAMES NILI, State Bar No. 197226
RYNN & JANOWSKY, LLP
3 4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
4 Telephone: (949) 752-2911

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

5 Attorneys for Plaintiff
6 GRANDVIEW RANCH, INC.



FILED
CLERK, U.S. DISTRICT COURT

APR - 1 2004

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

## CV 04 - 02159 JFW Ex

GRANDVIEW    RANCH,    INC.,    a
corporation,

                        Plaintiff,

        v.

HALUM    MARKETS,    INC.,    a
corporation    doing    business
as  COACHELLA  RANCH  MARKET;
ABSA,    INC.,    a    corporation
doing  business  as  EL  SUPER
TORO  LOCO;  ABESUD  D.  HALUM,
a/k/a    ABBY    HALUM,    an
individual;  MONA  HALUM,  an
individual,

                        Defendants.

CASE NO.

[PROPOSED] TEMPORARY
RESTRAINING ORDER AND ORDER
TO SHOW CAUSE RE PRELIMINARY
INJUNCTION AND PROPOSED
PRELIMINARY INJUNCTION



DOCKETED ON CM

APR - 1 2004

BY              002

    Upon   review   of   the   Complaint   of   Plaintiff   GRANDVIEW

RANCH,   INC.   (hereinafter   referred   to   as   "Grandview"   or

"Plaintiff"),   on   file   in   the   above-captioned   action,   and

the   declarations,   exhibits   and   Memorandum   of   Points   and

Authorities   in   support   of   Plaintiff's   Motion   for   a

04-138/ ProposedTRO



1  Temporary Restraining Order and/or Preliminary Injunction
2  submitted therewith, and ~~all documents provided~~ *as a result of* by
3  Defendants HALUM MARKETS, INC. ("HMI"), a corporation doing
4  business as COACHELLA RANCH MARKET ("CRM"), ABSA, INC.
5  ("ABSA"), a corporation doing business as EL SUPER TORO
6  LOCO ("Toro Loco"), ABESUD D. HALUM, a/k/a ABBY HALUM
7  ("AH"), and MONA HALUM ("MH"), (hereinafter referred to
8  collectively as "Defendants"), ~~in~~ *failure to file an* opposition thereto, ~~if~~
9  ~~any,~~ and it appearing to the satisfaction of the Court that
10 this is a proper case for granting a Temporary Restraining
11 Order and Order to Show Cause,
12     IT IS HEREBY ORDERED that Defendants HMI, CRM and ABSA
13 appear in Courtroom _16_ of the U.S. District Court for the
14 Central District of California, ~~Riverside Division, 3470~~ *312 North Spring Streets*
15 ~~Twelfth Street, Riverside, CA  92501~~ *Los Angeles. CA 90012* on ~~March ___~~ *April 12*, 2004, at *1:30*
16 *p*.m., or as soon thereafter as the matter may be heard,
17 then and there to show cause, if any they have, why they,
18 their agents, bankers, subsidiaries, successors, assignees,
19 transferees, principals, employees, attorneys, and
20 representatives should not be restrained and preliminarily
21 enjoined during the pendency of this action, pursuant to
22 Rule 65 of the Federal Rules of Civil Procedure, from
23 engaging in, committing, or performing directly and
24 indirectly, any and all of the following acts:
25     A.   Removing, withdrawing, transferring, assigning or
26 selling to any other person or entity, the proceeds from
27 the sales of any or all existing or future inventories of
28 food or other products derived from perishable agricultural

1  commodities, and/or receipts of payment for products sold
2  prior to the date of this order and/or otherwise disposing
3  of assets, books or funds;

4      B.    Taking any other action whatsoever which causes,
5  has the effect of causing, or which otherwise dissipates
6  Plaintiff's beneficiary interests in trust assets of the
7  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C.
8  §499e *et seq.*];

9      C.    Taking any other action whatsoever which violates
10  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.
11  §499b(4) [§2 of PACA].

12      IT IS FURTHER ORDERED that Defendants HMI, CRM and ABSA
13  and their fictitious businesses, their officers, directors,
14  bankers, agents, subsidiaries, successors, assignees,
15  principals, assignors, attorneys and persons acting in
16  concert with them, appear at the same time and place to
17  show cause, if any they have, why they should not be
18  commanded by order of this Court and required to distribute
19  PACA trust assets in the amount of at least $99,709.96,
20  which includes $97,989.20, the cumulative amount of the
21  PACA trust principal owing to Plaintiffs, plus $1,720.76 in
22  finance charges accrued from the dates of default for each
23  transaction through March 30, 2004 at the agreed-upon rate
24  of 1½% per month (18% annually).

25      IT IS FURTHER ORDERED that pending the hearing and
26  ~~determination~~ of the foregoing Order to Show Cause,
27  Defendants HMI, CRM and ABSA and their fictitious
28  businesses, their agents, bankers, subsidiaries,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1   successors, assignees, principals, attorneys, and persons

2   acting in concert with them shall be and hereby are

3   prevented from transferring, withdrawing or in any other

4   manner removing Perishable Agricultural Commodities Act [7

5   U.S.C. §499e *et seq.*] trust assets, including funds on

6   deposit in banking accounts held by or on behalf of

7   Defendants, from Defendants' banking accounts, including

8   but not limited to Defendants' accounts at Banks (a) Valley

9   Independent Bank, 1491 Sixth Street, Coachella, CA 92236

10   account numbers 005513308, 005511976, and 005513022; (b)

11   Valley Independent Bank, 81-790 Highway 111, Indio, CA

12   92201 account no. 007504586; and, (c) California Bank &

13   Trust, 81701 US Highway 111, Indio, CA 92201 account no.

14   2460008751, or any other banking account subsequently

15   determined to be standing in Defendants' name's, or any one

16   of them.

17      IT IS FURTHER ORDERED that pending the hearing and

18   determination of the foregoing Order to Show Cause, and

19   continuing thereafter, Defendants and their counsel,

20   agents, or representatives, shall be preliminarily enjoined

21   from engaging in, committing, or performing directly and

22   indirectly, any and all of the following acts:

23      D. Removing, withdrawing, transferring, assigning or

24   selling to any other person or entity, the proceeds from

25   the sales of any or all existing or future inventories of

26   food or other products derived from perishable agricultural

27   commodities, and/or receipts of payment for products or

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

04-138/ ProposedTRO         4

1   crops sold prior to the date of this order and/or otherwise
2   disposing of assets, books or funds;

3       E.   Taking any other action whatsoever which causes,
4   has the effect of causing, or which otherwise dissipates
5   Plaintiff's beneficiary interests in the trust assets;

6       F.   Taking any other action whatsoever which violates
7   7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.
8   §499b(4) [§2 of Perishable Agricultural Commodities Act
9   ("PACA)].

10      IT IS FURTHER ORDERED that in the event Defendants lack
11  sufficient funds to promptly deposit the sums described
12  above, Defendants shall be and hereby are required and
13  ordered to:

14      G.   Immediately account to the Court and Plaintiff for
15  all assets of the PACA trust from commencement of
16  Defendants' business through the date of this Order.

17      H.   Immediately assign Defendants' produce related
18  receivables to Plaintiff for collection until Plaintiff is
19  fully paid, and deposit and/or deliver complete accounts,
20  records, and information of all of said receivables to
21  Plaintiff's counsel without charge to the trust, and
22  subject to Plaintiff's counsel making a weekly accounting
23  for all receivables received or collected by Plaintiff's
24  counsel in that regard.   Plaintiff's counsel shall act as
25  trustee in connection with its duties of collection of the
26  accounts receivable and shall deposit any cash assets of
27  the trust which are collected under this order in a trust
28  account.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1      I.    Endorse any checks made, endorsed or paid, to

2  Defendants which are trust assets and which are in their

3  possession or obtainable by Defendants at the time of the

4  entry of this Order, or which Defendants obtain or which

5  become obtainable by Defendants after the entry of this

6  Order, including but not limited to checks representing

7  payment for sales of growing crops, and shall deliver said

8  assets within 48 hours of Defendants' receipt of them to

9  Plaintiff's counsel as set forth above.    Likewise,

10  Defendants shall deliver any cash assets of the PACA trust

11  which are in its possession or are obtainable by Defendants

12  at the time of the entry of this order, or which Defendants

13  obtain or which become obtainable by Defendants after entry

14  of this Order, within 48 hours of Defendants' receipt of

15  them to Plaintiff's counsel.

16      J.    File weekly with this Court satisfactory evidence

17  of compliance with the terms of this Order.

18      IT IS FURTHER ORDERED that pending the hearing and

19  determination of the foregoing Order to Show Cause, and

20  continuing thereafter, Plaintiff and its counsel, agents,

21  or representatives, shall have full and complete and

22  continuing access to all of Defendants' books and records,

23  which shall include but not necessarily be limited to,

24  Defendants' accounts receivable and payable ledgers,

25  invoices, ledgers, computer runs, bank statements and

26  canceled checks, relating to Defendants' business and

27  personal financial status from commencement of Defendants'

28  business activities forward for the purpose of verifying

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  Defendants' accountings required by this Order and for

2  enforcement of this Order. Defendants shall, upon 2

3  business days notice by Plaintiff's counsel, allow

4  inspection and copying of the books and records of said

5  Defendants by Plaintiff or its representatives at

6  Defendants' place of business.

7      IT IS FURTHER ORDERED that pending the hearing and

8  determination of the foregoing Order to Show Cause, and

9  continuing thereafter, Plaintiff shall be entitled to

10 depose, under oath, at reasonable times and places, upon at

11 least 2 business days notice, Defendants and/or Defendants'

12 other principals, owners, directors, officers,

13 shareholders, employees, agents and accountants concerning

14 any matter pertaining to any accounting due pursuant to

15 this Order, any books or records which Plaintiff is

16 entitled to inspect under this Order, the trust assets or

17 any of Defendants' business assets, and/or Defendants'

18 business practices, procedures or operations from

19 commencement of Defendants' business activities personally

20     IT IS FURTHER ORDERED that Plaintiff is to serve copies

21 of this Order and all pleadings and other papers in support

22 of the Order on or before April 5, 2004. Defendants shall

23 file an Opposition, if any, to the Order to Show Cause on

24 or before 3:30 p.m. on April 8, 2004, 2004 and shall

25

26 / / /

27 / / /

28 / / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1   personally serve Plaintiff's counsel with a copy of said

2   opposition by the same deadline. Plaintiff shall file and

3   serve on Defendant a Reply to Defendants' Opposition or

4   before 2:00 p.m. on April 9, 2004.

5       IT IS FURTHER ORDERED that no bond shall be required to

6   be posted by Plaintiff before the Temporary Restraining

7   Order is effective.

8

9   DATED: 4/1/04 _____    _____
                                          U.S. DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28