UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————
                                                          )
CHURCH BROTHERS, LLC,                                     )
  a California Limited Liability Company,                 )
          Plaintiff                                       )
                                                          )
          v.                                              )     CIVIL ACTION
                                                          )     NO. 05-10452-REK
THE ALPHAS COMPANY, INC.,                                 )
  a corporation;                                          )
THE ALPHAS COMPANY OF NEW                                 )
  YORK, INC., a corporation;                              )
JOHN (YANNI) S. ALPHAS, an individual;)
PETER S. ALPHAS, an individual,                           )
          Defendants                                      )
—————————————————————)


**ORDER**
March 10, 2005


        Plaintiff's Ex Parte Application for Temporary Restraining Order (or other

alternative relief not discussed here) having been considered, and the court having determined that

a prima facie showing of entitlement to such relief has been made, it is ORDERED:

        Defendants, The Alphas Company, Inc. ("TAC"), a corporation; The Alphas

Company of New York, Inc. ("TACNY"), a corporation; John (Yanni) S. Alphas, an individual;

Peter S. Alphas, an individual (hereinafter referred to collectively as defendants), their agents,

subsidiaries, successors, bankers, assignees, principals, assignors, employees, attorneys, and

persons acting in concert with them, are temporarily restrained from engaging in, committing, or

performing, directly or indirectly, any and all of the following acts, pending the next hearing in

this case:

A.  Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food, including but not limited to inventory on hand, perishable agricultural commodities and/or other products derived from perishable agricultural commodities, and/or receipts of payments for produce sold before the date of this Order, and/or otherwise disposing of corporate assets, books or funds;

B.  Taking any other action whatsoever that causes, has the effect of causing dissipation of plaintiff's beneficiary interests in the PACA trust assets;

C.  Taking any other action whatsoever that violates 7 U.S.C. §499e(c)(1) through (4) and 7 U.S.C. §499b(4) [§2 of the Perishable Agricultural Commodities Act ("PACA")];

D.  Transferring, withdrawing, or in any other manner removing PACA trust assets, including such trust funds on deposit in banking accounts held by or on behalf of defendants at any and all banking institutions, from defendants' banking accounts, including but not limited to defendants' accounts held with Danvers Savings Bank, Account No. 2100003157, or in any other bank account subsequently determined to be standing in the names of defendants, or any one of them.

This Order also requires defendants, their agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, to:

E.  Deposit in court or in a separate trust account to be opened by plaintiff's attorneys, the trust assets, in an amount of at least $76,150.20 as the principal amount due, consisting of $67,161.90 owed by TAC and $8,988.30, owed by TACNY, all of which amount is perfected under the PACA trust provisions pursuant to 7 U.S.C. §499(e)(c) et seq., as well as costs of $150.00.  In the event that defendants lack sufficient funds to promptly deposit the total

2

sum requested, defendants must transfer any and all monies in its bank accounts or on hand with the registry of the Court or into a trust account in the name of plaintiff's attorney. Any or all receivables or monies that defendants obtain subsequent to the date on which this Order issues must be applied to satisfy the $76,400.20 deposit required above.

This ruling is made on the ground that defendants have violated the statutory trust provisions under the PACA [7 U.S.C. §499e(c)(1) through (4)] by failing to preserve plaintiff's trust assets, and on the further ground that irreparable injury will result to plaintiff if defendants are permitted to continue dissipating assets before the matter can be heard on notice.

A hearing on this matter to determine whether the Order should be extended or modified is set for **Tuesday, March 22, 2005, at 11:00 a.m.**, unless a submission is filed by either party showing cause for an earlier modification of this Order.

No bond will be required unless and until a showing of good cause for posting a bond is made.

_____/s/Robert E. Keeton_____

Robert E. Keeton
Senior United States District Judge